IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SCOTT LEO DEEM #117976, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02490 |
| ) | |
| JOHN W. CARNEY, ) | CHIEF JUDGE SHARP |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Scott Leo Deem, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, has filed a *pro se* complaint against the District Attorney General for Montgomery County, Tennessee for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter is before the court for a ruling on the plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 2), and his motion for preliminary injunction. (ECF No. 3.) In addition, the complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

    A.    **Application to Proceed as a Pauper**

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee of $400 required by 28 U.S.C. § 1914(a). Because it appears from the plaintiff's submissions that he lacks sufficient financial resources from which to pay the full filing fee in advance, the court **GRANTS** his motion (ECF No. 2) to proceed IFP in this matter.

However, under § 1915(b), the plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and

to pay the remainder in installments. Accordingly, the plaintiff is hereby **ASSESSED** a $350 filing fee, to be paid as follows:

(1) The custodian of the plaintiff's inmate trust-fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to the plaintiff's account; or (b) the average monthly balance in the plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust-fund officer must withdraw from the plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to the plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this order, he must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this order and submit it to the Clerk along with the payment. All submissions to the court must clearly identify the plaintiff's name and the case number as indicated on the first page of this order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** to send a copy of this order to the Warden of the Bledsoe County Correctional Complex to ensure that the custodian of the plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the custodian **MUST** ensure that a copy of this order follows the plaintiff to his new place of confinement for continued compliance with this order.

**B.     Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of

any complaint filed *in forma pauperis* and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. Jan. 31, 2011).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The complaint (ECF No. 1) alleges that in 1987, while criminal charges were pending against the plaintiff, his attorney filed a motion for discovery. Plaintiff alleges that he personally filed a request asking where the discovery was, and received no answer. Later that year, Plaintiff was convicted and sentenced to 60 years in state prison. Since that time, he has requested copies of his case file, including grand jury minutes and transcripts, from the District Attorney General's office "numerous times," and his requests have either been ignored or refused. Plaintiff alleges that the requested documents are necessary in connection with his on-

going appeal, and claims that the failure to produce them violates his right to Due Process under the Fourteenth Amendment. Plaintiff further supports this claim in his memorandum in support of his motion for preliminary injunction, where he asserts that "withholding evidence that is either material to guilt or relevant to punishment is a clear violation" of Due Process, citing *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 4, at 2.) He seeks declaratory relief, an injunction requiring the defendant to produce the documents, compensatory damages "for the deprivation of liberty and amenity, and emotional injury resulting from the prolonged imprisonment and uncertainty due to the denial of due process," and punitive damages. (ECF No. 1, at 2.)

Anticipating an argument that the defendant is entitled to prosecutorial immunity from suit, the plaintiff asserts that because the defendant was not involved in his original prosecution, but is only "currently denying the plaintiff paperwork necessary to proceed through higher courts," prosecutorial immunity does not apply to this case. (ECF No. 1, at 1.) The plaintiff is incorrect. "Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003). Accordingly, the defendant is entitled to absolute prosecutorial immunity for his handling of the plaintiff's discovery demands in connection with the plaintiff's "on going appeal." (ECF No. 1, at 2.)

Even without absolute immunity, however, the plaintiff's claim would fail. By connecting the failure to produce the requested discovery with his incarceration – including expressly characterizing the failure as a *Brady* violation – and demanding damages for his imprisonment in violation of due process, the plaintiff is directly challenging the validity of his confinement as a result of the alleged wrongful prosecutorial behavior. Such a claim is not cognizable under § 1983 unless and until the conviction or sentence at issue has been invalidated by a court of

competent jurisdiction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Id.* at 481 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973)).

Accordingly, this action is **DISMISSED** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The plaintiff's motion for preliminary injunction (ECF No. 3) is **DENIED** due to the lack of any likelihood of success on the merits and as moot.

Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

Entry of this order constitutes the judgment in this action.

It is so **ORDERED**.

_____
Kevin H. Sharp, Chief Judge
United States District Court